**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0277-24** |
| | GPD Report No. 24-09958 |
| v. | |
| | **DECISION AND ORDER** |
| **NELLY ANN TENORIO,** | **FINDING DEFENDANT COMPETENT** |
| DOB: 04/11/1999 | **TO STAND TRIAL AND REJECTING** |
| | **PLEA OF NOT GUILTY BY REASON** |
| Defendant. | **OF MENTAL ILLNESS, DISEASE,** |
| | **OR DEFECT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 12, 2024 for an Evidentiary Hearing. Assistant Attorney General Leta Womack represents the People of Guam, and Alternate Public Defender Ana Maria Gayle represents Nelly Ann Tenorio ("Defendant"). Having duly considered the Defendant's Forensic Evaluation, Dr. Juan Rapadas's testimony, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

Defendant is indicted on Charge One (Two Counts): Terrorizing (as a 3rd Degree Felony), with Notice: Commission of a Felony While on Felony Release, and Charge Two: Family Violence (as a Misdemeanor). See Indictment (May 6, 2024). The charges stem from an April 2024 incident, in which Defendant allegedly threatened others with a screwdriver. See Magistrate's Complaint (Apr. 29, 2024). During her arrest, Defendant made disjointed comments about the U.S. Government harvesting her blood, indicative of her history of mental health problems. Id.

On May 16, 2024, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. See Minute Entry (May. 16, 2024). Pursuant to 9 G.C.A. §7.25, the Client Services and Family

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of
Mental Illness, Disease, or Defect
CF0277-24, *People of Guam v. Nelly Ann Tenorio*
Page 1 of 3

Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. See Order for Forensic Evaluation (May 17, 2024).

On June 4, 2024, Defendant underwent her forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. See Forensic Evaluation at 2 (Jun. 4, 2024).

The Court held a hearing on July 12, 2024 to determine Defendant's competency to stand trial and to review her plea. After hearing Dr. Rapadas's testimony and the parties' arguments, the Court took the matter under advisement. See Minute Entry (Jul. 12, 2024).

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." See 9 G.C.A. § 7.37(a)(1)-(4).

Defendant appeared grounded to reality throughout the hour-long forensic evaluation, and she was oriented to person, place, time, and object. See Forensic Evaluation at 4-5 (Jun. 4, 2024). Defendant displayed "good" attention/concentration, and was able to generally understand all questions that were asked of her. Id. at 5. Defendant spoke clearly and displayed appropriate emotion and thought organization. Id. at 5. Defendant also displayed reliable short and long-term memory, being able to accurately describe her home life, family relationships, education, and work history. Id. at 3-4.

Defendant underwent a mini-mental status examination ("MMSE"), which is a brief test used to gage the Defendant's current orientation, object registration, attention, language recognition skills, and ability to recall. Id. at 4-5. Defendant scored a 28/30 on the MMSE, which is an "average score" that "can be interpreted as someone who is not currently suffering from overall cognitive weaknesses and/or dementia". Id. at 5.

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of
Mental Illness, Disease, or Defect
CF0277-24, *People of Guam v. Nelly Ann Tenorio*
Page 2 of 3

Defendant's understanding of criminal proceedings also appears fair. Defendant knew the general roles of the attorneys, the judge, and the jury. Id. at 6. Defendant appears able to work with her attorney and conduct herself well in court, as she has proven herself able to engage in long stretches of lucid and reasonable conversation.

However, it is noteworthy that Defendant has a history of mental health problems, previously being diagnosed with Methamphetamine-induced Psychosis disorder, among other things. Id. at 3. Dr. Rapadas believes Defendant may have been suffering from undiagnosed schizophrenia at the time of this incident. Id. at 7. However, Defendant is currently taking medications to help suppress any auditory hallucinations associated with the disease. Id. at 3. By all accounts, any schizophrenic symptoms Defendant is experiencing have not materially interfered with her forensic evaluation or ability to accurately follow Dr. Rapadas's instructions.

Taking all data in total, Defendant is currently competent to be proceeded against and to be sentenced. As Dr. Rapadas laid out in his report, Defendant can engage in conversation with her attorney, process any legal advice they may provide, and help plan a defense strategy. This ability, combined with Defendant's strong MMSE test results indicate that Defendant has no major cognitive weaknesses or mental illness preventing her from assisting in her defense.

## CONCLUSION

For the reasons stated above, the Court **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.** An adjudication of Not Guilty will not be entered, and criminal proceedings will continue as originally scheduled.

**IT IS SO ORDERED** this ___November 8, 2024.___

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0277-24, *People of Guam v. Nelly Ann Tenorio*
Page 3 of 3

Date 11/8/24 Time. 1:13pm

_Albert Caldus an_
Deputy clerk  Superior Court of Guam

**SERVICE VIA E-MAIL**

acknowledge that an electronic
Copy of the original was e mailed to

_AG , APD_

Date 11/8/24 Time. 1:13pm

_Albert Caldus an_
Deputy clerk  Superior Court of Guam